UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

| | |
|---|---|
| JAVIER MARTIN, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) |
| HEBREW HOMES HEALTH NETWORK, INC. d/b/a Plaza Health Network d/b/a Arch Plaza Rehabilitation & Skilled Nursing d/b/a Jackson Plaza Rehabilitation & Skilled Nursing d/b/a Ponce Plaza Rehabilitation & Skilled Nursing d/b/a Sinai Plaza Rehabilitation & Skilled Nursing d/b/a University Plaza, and HEBREW HOMES HEALTH NETWORK FOUNDATION, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, JAVIER MARTIN ("Plaintiff") and other similarly situated individuals, sue the Defendants, HEBREW HOMES HEALTH NETWORK, INC. d/b/a Plaza Health Network d/b/a Arch Plaza Rehabilitation & Skilled Nursing d/b/a Jackson Plaza Rehabilitation & Skilled Nursing d/b/a Ponce Plaza Rehabilitation & Skilled Nursing d/b/a Sinai Plaza Rehabilitation & Skilled Nursing d/b/a University Plaza and HEBREW HOMES HEALTH NETWORK FOUNDATION, INC. (collectively the "Defendants") and allege:



www.saenzanderson.com

1

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. HEBREW HOMES HEALTH NETWORK, INC. d/b/a Plaza Health Network d/b/a Arch Plaza Rehabilitation & Skilled Nursing d/b/a Jackson Plaza Rehabilitation & Skilled Nursing d/b/a Ponce Plaza Rehabilitation & Skilled Nursing d/b/a Sinai Plaza Rehabilitation & Skilled Nursing d/b/a University Plaza, and HEBREW HOMES HEALTH NETWORK FOUNDATION, INC. ("Defendants") are Florida companies having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

4. Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Defendants are an integrated enterprise or an agent of each other. Alternatively, each company is an enterprise under the Act.

5. Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Defendants are joint employers or an agent of each other. Alternatively, each company is an enterprise under the Act.



www.saenzanderson.com

6. According to their website, Defendants are comprised of five nursing and rehabilitation centers in Miami-Dade, Florida. The nursing and rehabilitation centers are (a) the Arch Plaza Rehabilitation & Skilled Nursing, (b) the Jackson Plaza Rehabilitation & Skilled Nursing, (c) the Ponce Plaza Rehabilitation & Skilled Nursing, (d) the Sinai Plaza Rehabilitation & Skilled Nursing, and (e) the University Plaza Rehabilitation & Skilled Nursing (*see* https://plazahealth.org/contact-2) (the "Rehabilitation Centers").

7. Plaintiff worked for Defendants at each one of the Rehabilitation Centers as a nurse.

8. To avoid paying overtime, Defendants made it look like Plaintiff was working for 5 separate entities, when in reality all entities were a single employer or "joint employer", or part of an "integrated enterprise", or "agents" of each other. As such, Plaintiff is entitled to overtime.

## COUNT I: WAGE AND HOUR VIOLATION BY DEFENDANTS

9. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-8 above as if set out in full herein.

10. This action is brought by Plaintiff and those similarly situated to recover from the Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."



11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, Defendants operated as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.  Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

12. By reason of the foregoing, Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Defendants. Defendants' business activities involve those to which the Act applies. Defendants are nursing facilities and, through their business activity, affect interstate commerce. The Plaintiff's work for Defendants likewise affect interstate commerce. Plaintiff was employed by Defendants as an **hourly nurse** for Defendants' business.

13. While employed by Defendants, Plaintiff worked approximately an average of 76 hours per week without being compensated at the rate of not less than one- and one-half times the



www.saenzanderson.com

4

regular rate at which he was employed. Plaintiff was employed as a nurse performing the same or similar duties as that of those other similarly situated nurses whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

14. Plaintiff worked at all of the Defendants' locations, which are disguised as different companies by the use of different fictitious names.

15. Plaintiff worked for Defendants from approximately 09/1/2016 to 12/31/2018. In total, Plaintiff worked approximately 65 compensable weeks under the Act, or 65 compensable weeks if we count 3 years back from the filing of the instant action.

16. Defendants paid Plaintiff on average approximately $25.48 per hour.

17. However, Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

18. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

19. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $29,811.60**

      i. Calculation: $25.48 (average approximate hourly pay) x .5 (overtime rate) x 36 (approximate number of overtime hours) x 65 (compensable weeks) = $**29,811.60**

   b. **Liquidated Damages: $29,811.60**

   c. **Total Damages: $59,623.20** plus reasonable attorneys' fees and costs of suit.



www.saenzanderson.com

5

20. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

21. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

22. Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

23. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against Defendants on the



www.saenzanderson.com

basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

Dated: October 1, 2020.

Respectfully submitted,

**By: /s/ Tanesha Blye**
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com